Brooke, J.
This case turns on the true construction of the deed in the record from Edmund Franklin. The *592 consideration in the deed is'love and affection, and one " . , . . . dollar; the operative words are—“At mine and my "wife’s death I do give and grant unto the said William Franklin, his executors, administrators and assigns, one negro girl named Sarah; to have and to hold,” &c. This grant, though irrevocable by the grantor, is testamentary in its character; the grantee takes nothing until the death of the grantor and his wife: and though nothing is said of increase, it is contended that under the rule partus sequitur ventrem, the increase passed to the grantee. That rule, by the civil law, was only applicable to the increase of animals, and is the rule of the common law by adoption, but has no application to slaves. The rule in this respect of the civil law, adopted by our statutes, is that the increase shall follow the condition of the mother, and'can seldom have any application where the question is a question of property, and not a question of liberty as in the case of Maria &c. v. Surbaugh, 2 Rand. 228. It would apply in a case in which the act of limitations applied to the claim to the mother, and the length of time was not enough to bar the right to the increase. It applies also (where nothing is said of increase in the will or deed) to the case where the grant or devise is of a life estate to one, remainder over to another. But in most cases, whether increase passes or not, depends on the construction of the deed or will. The case before us, then, depends entirely on the construction of the grant. That is silent as to issue, and the relation in which the parties stood to each other forbids the inference that increase was intended to be included in the grant. The death of the grantor and his wife might be v.ery remote, and unless increase had been expressly included in the grant, we cannot presume that the grantor intended to grant what in prospect might be of much greater value than the slave granted. It may be said (and it has some weight) that at the death of the grantor and his wife, Sarah *593 might be dead or too old for service: but against this . , , .. it may be said that if increase is to pass, it might, after great expense in rearing it, be of ten times the value of the girl expressly granted. Upon the whole, I think the judgment must be reversed.
The judgment of this court was, that, the judgment of the superiour court be reversed with costs, the verdict set aside, and the cause remanded for a new trial, on which the jury were to be instructed, if such instruction should be asked, that the deed set forth in the record had not the effect of passing the title of Edmund FranMin to the issue of Sarah born before the period at which William Franklin was by the deed to have title to the mother, and that they did not pass to him with the mother by accession.